**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION**

| | | |
|---|---|---|
| ELIZABETH HAVILAND,<br><br>Plaintiff,<br><br>v.<br><br>ALEN CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-cv-00555-ADA-DH |

**DEFENDANT ALEN CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT**

Defendant Alen Corporation ("Alen" or "Defendant"), for its Answer to the Class Action Complaint filed by Plaintiff Elizabeth Haviland ("Complaint"), generally denies the allegations made in the Complaint except as specifically admitted herein and more particularly states and alleges as follows:

**INTRODUCTION**

1. Alen admits that it maintains a website at https://alen.com. Alen denies all remaining allegations set forth in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains a legal conclusion that does not require a response. To the extent required, Alen denies all allegations set forth in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Denied.

4. Admitted.

5. Admitted.

**PARTIES**

6. Alen lacks sufficient knowledge and information to form a belief as to the truth of

the allegations in paragraph 6 of the Complaint and, therefore, denies the same.

7. Admitted.

8. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies the same.

9. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies the same.

## FACTUAL ALLEGATIONS

10. Admitted.

11. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12. Denied.

13. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, therefore, denies the same.

### Registered California Data Brokers

14. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, therefore, denies the same.

15. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, therefore, denies the same.

16. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, therefore, denies the same.

17. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, therefore, denies the same.

18. Alen lacks sufficient knowledge and information to form a belief as to the truth of

the allegations in paragraph 18 of the Complaint and, therefore, denies the same.

19. Denied.

**Defendant and the California Data Brokers**

20. Paragraph 20 of the Complaint contains legal conclusions that do not require a response. To the extent required, Alen denies all allegations set forth in paragraph 20 of the Complaint.

21. Alen admits that it has used Criteo's display media platform. Alen denies all remaining allegations in paragraph 21 of the Complaint.

**Criteo**

22. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies the same.

23. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, therefore, denies the same.

24. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and, therefore, denies the same.

25. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and, therefore, denies the same.

26. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and, therefore, denies the same.

**Quantcast**

27. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and, therefore, denies the same.

28. Alen lacks sufficient knowledge and information to form a belief as to the truth of

the allegations in paragraph 28 of the Complaint and, therefore, denies the same.

29. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and, therefore, denies the same.

**ZoomInfo**

30. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and, therefore, denies the same.

31. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and, therefore, denies the same.

32. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies the same.

33. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and, therefore, denies the same.

34. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and, therefore, denies the same.

**Plaintiff Was Subjected to the Trap and Trace Device on the Website**

35. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and, therefore, denies the same.

36. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and, therefore, denies the same.

37. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and, therefore, denies the same.

38. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, therefore, denies the same.

39. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and, therefore, denies the same.

40. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and, therefore, denies the same.

**The DBSDKs are Trap and Trace Devices**

41. Alen admits that California Penal Code section 638.50(c) contains the language quoted in paragraph 41 of the Complaint. Alen denies all remaining allegations set forth in paragraph 41 of the Complaint.

42. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and, therefore, denies the same.

43. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and, therefore, denies the same.

44. Paragraph 44 of the Complaint contains legal conclusions that do not require a response. To the extent required, Alen denies all allegations set forth in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains legal conclusions that do not require a response. To the extent required, Alen denies all allegations set forth in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains legal conclusions that do not require a response. To the extent required, Alen denies all allegations set forth in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions that do not require a response. To the extent required, Alen denies all allegations set forth in paragraph 47 of the

Complaint.

## CLASS ALLEGATIONS

48. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and, therefore, denies the same.

49. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and, therefore, denies the same.

50. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and, therefore, denies the same.

51. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and, therefore, denies the same.

52. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and, therefore, denies the same.

53. Alen lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and, therefore, denies the same.

## FIRST CAUSE OF ACTION

### Violations of California Trap and Trace Law

### Cal. Penal Code § 638.51 (the "California Trap and Trace Law")

54. Paragraph 54 of the Complaint incorporates by reference the allegations contained in all preceding paragraphs and does not require a response. To the extent required, Alen incorporates its above responses to the preceding paragraphs of the Complaint.

55. Alen admits that California Penal Code section 638.51(a) contains the language quoted in paragraph 55 of the Complaint, as well as additional language that Plaintiff omits from the quote included in this paragraph. Alen denies all remaining allegations in paragraph 55 of the

Complaint.

56. Alen admits that California Penal Code section 638.50(c) contains the language quoted in paragraph 56 of the Complaint. Alen denies all remaining allegations in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains legal conclusions that do not require a response. To the extent required, Alen denies all allegations set forth in paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains legal conclusions that do not require a response. To the extent required, Alen denies all allegations set forth in paragraph 58 of the Complaint.

59. Alen admits that California Penal Code section 637.2 allows for a person that has been injured by a violation of this chapter of the Penal Code to bring a civil action against the person who committed the violation to obtain the greater of a set statutory damages amount or three times the amount of actual damages, if any, sustained by such person. Alen denies all remaining allegations in paragraph 59 of the Complaint.

## PRAYER

As to the allegations in Plaintiff's prayer for relief, Alen denies all allegations in this prayer for relief including, but not limited to, that Plaintiff can support a request for certification of a class based on the facts alleged, that Plaintiff has suffered damages due to alleged conduct of Alen, that Alen has engaged in any conduct capable of supporting an award of statutory damages, that Plaintiff has a right to any of the equitable and injunctive relief requested, that Plaintiff has asserted a cause of action capable of supporting an award of attorneys' fees, and that Plaintiff has an entitlement to any of the other relief requested through this prayer for relief.

## AFFIRMATIVE DEFENSES

Alen asserts the following, additional affirmative defenses to the Complaint and reasserts and incorporates by reference its responses and denials to each and every paragraph of the Complaint as set forth above this section. By pleading these defenses, Alen does not concede that it has the burden of proof or persuasion on any of these issues, as applicable law makes such determinations. Additionally, as discovery in this matter has just started, Alen reserves the right to amend this Answer and to plead additional defenses if appropriate in light of information disclosed during the course of discovery.

1. The Complaint fails to state a claim upon which relief can be granted against Alen.

2. At all times referenced in the Complaint, Alen acted lawfully and in good faith.

3. Alen has not breached any legal duty or obligation owed to Plaintiff or others similarly situated to Plaintiff (if any others exist) relating to the website at issue in the Complaint. Alen denies that the statutes cited in the Complaint apply to the conduct at issue therein.

4. Any injuries or damages alleged in the Complaint, if any, were proximately caused or contributed to by acts or failures of another party, not Alen.

5. On information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury or damages from the single visit Plaintiff made to Alen's website referenced in the Complaint.

6. On information and belief, Plaintiff's claims, and the claims of others similarly situated to Plaintiff (if any), are barred in whole or in part by the doctrines of waiver and/or estoppel.

7. On information and belief, Plaintiff's claims, and the claims of others similarly situated to Plaintiff (if any), are barred, in whole or in part, because Plaintiff provided consent for

data sharing practices at issue in the Complaint.

8. Plaintiff fails to state a claim that will support an award of attorneys' fees, costs, or interest.

## PRAYER FOR RELIEF

WHEREFORE, Alen prays that Plaintiff recover nothing by way of the Complaint, that the Court enter judgment in favor of Alen and against Plaintiff, and any class certified under this Complaint, and that the Court award Alen any other relief the Court finds just and reasonable.

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.

/s/ *Jennifer N. Lamirand*

**JOHN P. KINCADE**
Texas Bar No. 12427350
16475 Dallas Parkway, Ste. 555
Addison, TX 75001
Telephone: (972) 733-2900
Facsimile: (737) 910-0982
jkincade@bressler.com

**TARA A. LACLAIR** (Pro Hac Vice Application Forthcoming)
**JENNIFER N. LAMIRAND** (Pro Hac Vice Application Granted)

210 Park Avenue, Suite 2750
Oklahoma City, OK 73102
Telephone: (405) 901-5980
tlaclair@bressler.com
jlamirand@bressler.com

**ATTORNEYS FOR DEFENDANT ALEN CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, a true and correct copy of the above and foregoing document was transmitted to the Clerk of Court using the ECF system for filing which electronically served all parties, or their counsel, that have appeared in this matter as follows:

Robert Tauler (rtauler@taulersmith.com)
Camrie Ventry (wmiele@taulersmith.com)
Attorneys for Plaintiff Elizabeth Haviland

/s/ *Jennifer N. Lamirand*
Jennifer N. Lamirand